JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-CV-3734

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RAJINDERPAL LEHAL

**DEFENDANTS**
SPS TECHNOLOGIES, INC.

**(b)** County of Residence of First Listed Plaintiff: **Middlesex County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Montgomery County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael J. Salmanson, Esq., Salmanson Goldshaw, PC, Two Penn Center, Suite 1230, 1500 JFK Blvd., Phila., PA 19102 215-640-0593

Attorneys *(If Known)*
Lori Halber, Esquire, 150 N. Radnor Chester Road, Suite C300, Radnor, PA  19087 610-230-2150

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                        | PTF | DEF |                                                               | PTF | DEF |
|----------------------------------------|-----|-----|---------------------------------------------------------------|-----|-----|
| Citizen of This State                  | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State   | ☐ 4 | ☐ 4 |
| Citizen of Another State               | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country| ☐ 3 | ☐ 3 | Foreign Nation                                                | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☒ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 2601, et seq
Brief description of cause:
FMLA termination of employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150,000.00+
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 08/17/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE AUG 17 2017  MAG. JUDGE  _____

**UNITED STATES DISTRICT COURT**

17  3734

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 29 Back Drive, Edison, NJ  08817

Address of Defendant: 301 Highland Avenue, Jenkintown, PA  19046

Place of Accident, Incident or Transaction: 301 Highland Avenue, Jenkintown, PA  19046
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No X

Does this case involve multidistrict litigation possibilities?    Yes☐    No X

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐    No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐    No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐    No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐    No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Michael J. Salmanson, Esquire _____, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: August 17, 2017     _____[signature]_____     46707
                          Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: August 17, 2017     _____[signature]_____     46707
                          Attorney-at-Law           Attorney I.D.#

CIV. 609 (6/08)

AUG 17 2017



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| RAJINDERPAL LEHAL | : | CIVIL ACTION |
| v. | : | |
| SPS TECHNOLOGIES, INC. | : | NO. 17  3734 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| | | |
|---|---|---|
| August 17, 2017 | Michael J. Salmanson | _[signature]_ |
| **Date** | **Atorney-at-law** | **Attorney for Plaintiff** |
| 215-640-0594 | 215-640-0596 | msalmans@salmangold.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 17 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rajinderpal Lehal | : | CIVIL ACTION NO. _____ |
| Plaintiff, | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| SPS Technologies, Inc. | : | 17  3734 |
| Defendant. | : | |

## COMPLAINT

Plaintiff Rajinderpal Lehal avers as follows:

### NATURE OF ACTION

1. Plaintiff hereby complains that Defendant SPS Technologies, Inc. ("SPS") unlawfully terminated his employment in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. Section 1331.

3. Venue is appropriate in this District under 28 U.S.C. Section 1391, as Defendant's relevant actions underlying the causes of action occurred within the District, as Defendant is located within the District.

### FACTS

4. Prior to his termination Plaintiff had been employed by Defendant for 22 years, most recently as an operator in the Machine Department.

5. Plaintiff was scheduled to be out of work from January 26, 2017 to February 10, 2017 for a trip to India to visit family. Plaintiff's first day back at work following the trip was scheduled to be February 13, 2017.

6. However, while in India, Plaintiff fell ill with food poisoning and required hospitalization. As a result, Plaintiff was unable to return to the U.S. as planned and had to stay in India for an additional eleven days as he recovered from his illness.

7. Plaintiff contacted Defendant's Human Resources department on February 13, 2017, the day he was supposed to return to work, to let them know of his illness and that as a consequence of his illness he was unable to travel home and could not return to work as planned.

8. Defendant's Human Resources representative directed Plaintiff to contact their FMLA administrator to have his claim started and to have the time out covered by FMLA.

9. As such, Defendant was well aware of Plaintiff's need for FMLA covered leave.

10. Human Resources did *not* advise Plaintiff that the FMLA administrator needed to be contacted in a particular amount of time, nor did Human Resources specify any particular paperwork that was required of Plaintiff.

11. Plaintiff attempted to reach Defendant's FMLA administrator but was unsuccessful. Plaintiff was unable to make further attempts to contact the FMLA administrator due to the fact that he was hospitalized and in rural India.

12. On February 28, 2017, Defendant terminated Plaintiff's employment via letter, stating "voluntary job abandonment and failing to report to work or properly notify your supervisor" as the reason for his termination. Defendant relied upon its Attendance Policy, which states "[f]ailure to report to work for three consecutive days and properly notify your supervisor of the reason for absence is cause for immediate discharge."

13. However, Plaintiff had notified Human Resources as to the reason for his absence. On information and belief, Human Resources informed Plaintiff's immediate supervisor.

2

14. Defendant's reliance on the Attendance Policy as the reason for Plaintiff's termination is blatantly pretextual. The Policy clearly states that failure to report to work for *three days* is cause for immediate discharge; at the time that Plaintiff was terminated he had failed to report for work for fourteen days. Defendant cannot explain why, if it had genuinely relied on the Attendance Policy, it did not terminate Plaintiff after three days of absence, per the policy. As such, it is evident that the Attendance Policy was not the true basis for Plaintiff's termination. Rather, Defendant terminated Plaintiff because of his need for FMLA leave.

15. Plaintiff remained under the care of a physician until his return to the U.S. on March 1, 2017.

16. Upon his return, Plaintiff contacted Human Resources to let them know he had additional documentation from his doctor regarding his absence, but Human Resources refused to accept it.

17. By letter from his counsel dated March 21, 2017, Plaintiff provided additional medical documentation verifying Plaintiff's eligibility for FMLA leave. Nevertheless, Defendant refused to reinstate Plaintiff.

## COUNT I – FMLA

18. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though set forth fully herein.

19. Defendant was an "employer" within the meaning of the FMLA at the time it terminated Plaintiff.

20. Defendant was aware that Plaintiff needed FMLA leave because it directed him to contact its FMLA administrator.

3

21. Plaintiff's invocation of FMLA leave was a motivating factor in Defendant's termination of Plaintiff's employment.

22. Defendant's violation of the FMLA was willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

(1) back pay for the period commencing with the date of Plaintiff's termination and continuing through the date of judgment;

(2) employment or, in the alternative, front pay for an appropriate period;

(3) liquidated damages in an amount equal to back pay;

(6) reasonable attorneys' fees;

(7) reimbursement of costs incurred in this action;

(8) pre- and post-judgment of interest; and

(8) any and all other relief that this Court finds to be appropriate and just.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims and matters triable by jury.

*Michael J. Salmanson*
Michael J. Salmanson, ID. 46707
Scott B. Goldshaw, ID. 85492
SALMANSON GOLDSHAW, P.C.
Two Penn Center, Suite 1230
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-640-0593
215-640-0596 (fax)

Dated: August 17, 2017

4